UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x
ESTHER SINGER,

                Plaintiff,                                                           Civil Action No: 1:20-cv-1003

                -against-                                                  Demand for Trial by Jury

TRANS UNION, LLC.,
EQUIFAX INFORMATION SERVICES, LLC.,
AMERICAN EXPRESS CO.,
U.S. BANK NATIONAL ASSOCIATION,

                Defendant(s).
---------------------------------------------------------------------------x

## COMPLAINT

Plaintiff Esther Singer ("Plaintiff"), by and through her attorneys, as and for her Complaint against Trans Union, LLC, ("TransUnion"), Equifax Information Services, LLC, ("Equifax"), American Express Co. ("Amex") and US Bank National Association ("US Bank"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts, omissions and transactions occurred here, Plaintiff resides here, and Defendant's transact business here.

3. Plaintiff brings this action for damages arising from Defendants violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of New York, residing at 42 Walton Street, Brooklyn, NY 11206.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant TransUnion is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant TransUnion is a limited liability company and may be served with process upon The Prentice-Hall Corporation System, Inc., its registered agent for service of process at 80 State Street, Albany, NY, 12207.

7. At all times material hereto Defendant TransUnion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Defendant TransUnion disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Defendant Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a limited liability company and may be served with process upon Corporation Service Company its registered agent for service of process at 80 State Street, Albany, NY, 12207.

10. At all times material hereto Defendant Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning

consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

11. At all times material hereto, Defendant Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Defendant American Express Co. is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with principle place of business at 200 Vesey Street, New York, NY 10285.

13. Defendant U.S. Bank National Association is a subsidiary of U.S. Bancorp. Defendant US Bank qualifies as a "furnisher" of credit information as that term is used in 15 U.S.C. § 1681s-2(b), and has its principal place of business located at 800 Nicollet Mall, Minneapolis, Minnesota 55402.

## FACTUAL ALLEGATIONS

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Amex Dispute and Violations

15. On information and belief, on a date better known to Defendant TransUnion, TransUnion prepared and issued credit reports concerning Plaintiff that included inaccurate information relating to an Amex account.

16. The inaccurate information furnished by Defendant Amex and published by TransUnion is inaccurate since the reports reflect an incorrect account balance.

17. TransUnion has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

18. Plaintiff notified TransUnion that she disputed the accuracy of the information TransUnion was reporting, on or around September 12, 2019, specifically stating in separate letters sent to each credit bureau that she was disputing the reporting of the Amex tradeline as well as the listed balance.

19. It is believed and therefore averred that TransUnion notified Defendant Amex of Plaintiff's disputes.

20. Upon receipt of the dispute of the account from Plaintiff by TransUnion, Amex failed to conduct a reasonable investigation and continued to report false and inaccurate, adverse information on the consumer report of Plaintiff with respect to the disputed account, still reporting the incorrect balance.

21. Despite the dispute by Plaintiff that the information on her consumer report was inaccurate with respect to the disputed account, TransUnion did not evaluate or consider any of the information, claims, or evidence of Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

22. Notwithstanding Plaintiff's efforts, TransUnion sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

23. As of the date of the filing of this Complaint, Defendant Amex continues to furnish credit data which is inaccurate and materially misleading, and TransUnion's reporting of the above-referenced tradelines continues to be inaccurate and materially misleading.

24. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

25. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

US Bank Dispute and Violations

26. On information and belief, on a date better known to Defendants Equifax and TransUnion (hereinafter, "the Bureaus"), the Bureaus prepared and issued credit reports concerning Plaintiff that included inaccurate information relating to US Bank account.

27. The inaccurate information furnished by Defendant US Bank and published by the Bureaus is inaccurate since the reports reflect incorrect account balance.

28. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

29. Plaintiff notified the Bureaus that she disputed the accuracy of the information the Bureaus were reporting, on or around September 12, 2019, specifically stating in separate letter sent to each bureau that she was disputing the reporting of the US Bank tradeline as well as the listed balance.

30. It is believed and therefore averred that the Bureaus notified Defendant US Bank of Plaintiff's disputes.

31. Upon receipt of the dispute of the account from Plaintiff by the Bureaus, US Bank failed to conduct a reasonable investigation and continued to report false and inaccurate, adverse information on the Plaintiff's consumer reports with respect to the disputed account balance.

32. Despite the dispute by Plaintiff that the information on her consumer report was inaccurate with respect to the disputed account, the Bureaus did not evaluate or consider any of the information, claims, or evidence of Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

33. Notwithstanding Plaintiff's efforts, the Bureaus sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Equifax continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

34. As of the date of the filing of this Complaint, Defendant US Bank continues to furnish credit data which is inaccurate and materially misleading, and the Bureaus' reporting of the above-referenced tradeline continues to be inaccurate and materially misleading.

35. The Bureaus' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

36. As a result of the Bureaus' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

**FIRST CAUSE OF ACTION**
**(Willful Violation of the FCRA as to TransUnion)**

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

38. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

39. TransUnion violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files that TransUnion maintained concerning Plaintiff.

40. TransUnion has willfully and recklessly failed to comply with the Act. The failure of TransUnion to comply with the Act includes but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant TransUnion had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f) The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete;

h) The failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

41. As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered damages, including but not limited to by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of erroneous credit reporting.

42. The conduct, action and inaction of TransUnion was willful rendering TransUnion liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

43. Plaintiff is entitled to recover reasonable costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Esther Singer, an individual, demands judgment in her favor against Defendant, TransUnion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to TransUnion)

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

45. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

46. TransUnion violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of Plaintiff.

47. TransUnion has negligently failed to comply with the Act. The failure of TransUnion to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant TransUnion had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f) The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete;

    h) The failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

48. As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of erroneous credit reporting.

49. The conduct, action and inaction of TransUnion was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681o.

50. Plaintiff is entitled to recover reasonable costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Esther Singer, an individual, demands judgment in her favor against Defendant, TransUnion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## THIRD CAUSE OF ACTION
**(Willful Violation of the FCRA as to Equifax)**

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

52. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

53. Equifax violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning Plaintiff.

54. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

    g) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

55. As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of erroneous credit reporting.

56. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and or Jury pursuant to 15 U.S.C. § 1681(n).

57. Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Esther Singer, an individual, demands judgment in her favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FOURTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Equifax)

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

59. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

60. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of Plaintiff.

61. Equifax has negligently failed to comply with the Act.  The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

    g) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

62. As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damages including but not limited to loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of erroneous credit reporting.

63. The conduct, action and inaction of Equifax was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681o.

64. Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Esther Singer, an individual, demands judgment in her favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FIFTH CAUSE OF ACTION

**(Willful Violation of the FCRA as to Amex)**

65. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

66. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

67. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

68. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

69. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to other agencies which were supplied such information.

70. Defendant Amex violated 15 U.S.C. § 1681s2-b; by failing to fully and properly investigate the dispute of Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to the credit reporting agencies.

71. Specifically, Amex continued to report the account on Plaintiff's credit report after being notified of her dispute regarding inaccurate balance and failed to mark the account as disputed.

72. As a result of the conduct, action and inaction of Defendant Amex, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and

the mental and emotional pain, anguish, humiliation and embarrassment of erroneous credit reporting.

73. The conduct, action and inaction of Defendant Amex was willful, rendering Defendant Amex liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(n).

74. Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Amex in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Esther Singer, an individual, demands judgment in her favor against Defendant, Amex, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SIXTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Amex)

75. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

76. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

77. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

78. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

79. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher, such as the above-named Defendant, the results must be reported to other agencies which were supplied such information.

80. Defendant Amex is liable to Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

81. After receiving the Dispute Notices from TransUnion, Defendant Amex negligently failed to conduct its reinvestigation in good faith.

82. A reasonable investigation would require a furnisher such as Defendant Amex to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

83. The conduct, action and inaction of Defendant Amex was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

84. As a result of the conduct, action and inaction of Defendant Amex, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of erroneous credit reporting.

85. Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Amex in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

### **SEVENTH CAUSE OF ACTION**
### **(Willful Violation of the FCRA as to US Bank)**

86. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

87. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

88. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

89. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

90. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to other agencies which were supplied such information.

91. Defendant US Bank violated 15 U.S.C. § 1681s2-b; by failing to fully and improperly investigate the dispute of Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to the credit reporting agencies.

92. Specifically, US Bank continued to report the account on Plaintiff's credit report after being notified of her dispute regarding inaccurate balance and failed to mark the account as disputed.

93. As a result of the conduct, action and inaction of Defendant US Bank, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of erroneous credit reporting.

94. The conduct, action and inaction of Defendant US Bank was willful, rendering Defendant US Bank liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(n).

95. Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant US Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Esther Singer, an individual, demands judgment in her favor against Defendant, US Bank, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## EIGHTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to US Bank)

96. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

97. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

98. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

99. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

100. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a

furnisher, such as the above-named Defendant, the results must be reported to other agencies which were supplied such information.

101. Defendant US Bank is liable to Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

102. After receiving the Dispute Notices from the Bureaus, Defendant US Bank negligently failed to conduct its reinvestigation in good faith.

103. A reasonable investigation would require a furnisher such as Defendant US Bank to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

104. The conduct, action and inaction of Defendant US Bank was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

105. As a result of the conduct, action and inaction of Defendant US Bank, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of erroneous credit reporting.

106. Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant US Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Esther Singer, an individual, demands judgment in her favor against Defendant, US Bank, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## DEMAND FOR TRIAL BY JURY

107. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  Flushing, New York  
February 24, 2020

/s/ Uri Horowitz  
**Horowitz Law, PLLC**

By: Uri Horowitz  
14441 70th Road  
Flushing, New York 11367  
Phone: (718) 705-8706  
uri@horowitzlawpllc.com